# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**DONALD WINNETT**                                                    **PLAINTIFF**
**ADC # 139544**

v.                              No. 4:24-cv-1032-DPM

**JOHN FELTS, Chair, Arkansas**
**Post Prison Transfer Board;**
**BRENT MORGAN, Member,**
**Arkansas Post Prison Transfer**
**Board;   LONA MCCASTLAIN,**
**Director, Arkansas Post Prison**
**Transfer Board;   WILLIE ROBINSON,**
**Member, Arkansas Post Prison**
**Transfer Board;   ANDY SHOCK,**
**Member, Arkansas Post Prison**
**Transfer Board;   WENDY LYALS,**
**Member, Arkansas Post Prison**
**Transfer Board;   SARAH HUCKABEE**
**SANDERS, Governor, Arkansas;   and**
**DOUG SMITH, Member, Arkansas**
**Post Prison Transfer Board**                          **DEFENDANTS**

### ORDER

1.    Winnett and other Arkansas inmates filed a class action complaint against the members of the Arkansas Post Prison Transfer Board as well as the Governor of Arkansas.   None of the inmates are lawyers.   They can only represent themselves *pro se*.   The Clerk

therefore opened individual cases for each plaintiff.   Winnett has since filed many motions, including a motion for recusal.

2.      The motion for recusal is denied.   No one knowing all the material facts could reasonably question my (or Magistrate Judge Ervin's) impartiality.   28 U.S.C. § 455(a).   Winnett's frustration with case handling, and his unfounded accusation of foot-dragging, aren't a valid basis for recusal.   *Dossett v. First State Bank*, 399 F.3d 940, 953 (8th Cir. 2005).   The Court is tending to his case and many others.   His concern — about a required dismissal if there is no service ninety days after he filed his complaint — is misplaced.   The service clock doesn't start until after screening of prisoner cases.

3.      The motion to proceed *in forma pauperis* is granted.   His related motion for a ruling is granted, too.   Winnett hasn't had any money in his prison account in the last six months, so the Court assesses an initial partial filing fee of $0.00.   His custodian must collect monthly payments from his prison trust account each time the amount in the account exceeds $10.   These payments will be equal to twenty percent of the preceding month's income credited to the account;   and they will be collected and forwarded to the Clerk of the Court until the $350 filing fee is paid in full.   28 U.S.C. § 1915(b)(2).   The payments forwarded on Winnett's behalf must be clearly identified by the case name and number.

The Court directs the Clerk to send a copy of this Order to the Administrator of the Grimes Unit of the Arkansas Department of Corrections, 300 Corrections Drive, Newport, Arkansas 72112.

**4.**    The Court must screen Winnett's § 1983 complaint.    *Doc. 1*; 28 U.S.C. § 1915(e).    He has sued each member of the Arkansas Post Prison Transfer Board and the Governor of Arkansas in their official and individual capacities.    He says that the members of the Board aren't complying with Arkansas law in their review of parole applications.    Some examples:    the Board has conducted meetings with less than four members, denied parole with less than five votes, and failed to complete a validated risk-needs assessment and case plan for Winnett and others.    *Doc. 1 at 10-13*;    *see also* Ark. Code Ann. § 16-93-201(d)(1) & (2).    As for Governor Sanders, Winnett says that the Parole Board sends her an annual report about its activities.    By doing nothing, Winnett alleges, the Governor is condoning the Board's unlawful actions and is failing to train or supervise Board members properly.    *Doc. 1 at 11-12*.    All this, he says, violates his due process rights.    He seeks money damages as well as declaratory and injunctive relief.

Winnett has failed to state a federal claim upon which relief can be granted.    There isn't "a protected, federal due process right to parole."    *Jenner v. Nikolas*, 828 F.3d 713, 716 (8th Cir. 2016).    Arkansas's parole statute doesn't create a liberty interest, either.    *Ibid.*;    *Hamilton*

*v. Brownlee*, 237 F. App'x 114, 115 (8th Cir. 2007) (Arkansas law, unpublished *per curiam*);   *Waller v. Profiri*, 2024 WL 541596, at *3 (E.D. Ark. 24 January 2024), *aff'd*, 2024 WL 3709352 (8th Cir. 23 April 2024); Ark. Code Ann. § 16-93-701.    And because Winnett doesn't have a liberty interest in parole, the Parole Board's alleged failures to turn square corners don't violate his procedural due process rights.    *Jenner*, 828 F.3d at 717.

*

Winnett's motion to proceed *in forma pauperis*, *Doc. 2*, and his motion for ruling, *Doc. 7*, are granted.    His motion for recusal, *Doc. 8*, is denied.    His other motions, *Doc. 4, 6 & 9*, are denied as moot.    This case is dismissed without prejudice for failure to state a claim.    Strike recommended.    An *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith.    28 U.S.C. § 1915(a)(3).

So Ordered.

*WPMarshall Jr.*

D.P. Marshall Jr.
United States District Judge

27 January 2025

- 4 -