IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DONALD WINNETT                                                          PLAINTIFF
ADC # 139544

v.                                No. 4:24-cv-1032-DPM

JOHN FELTS, Chair, Arkansas
Post Prison Transfer Board;
BRENT MORGAN, Member,
Arkansas Post Prison Transfer
Board;   LONA MCCASTLAIN,
Director, Arkansas Post Prison
Transfer Board;   WILLIE ROBINSON,
Member, Arkansas Post Prison
Transfer Board;   ANDY SHOCK,
Member, Arkansas Post Prison
Transfer Board;   WENDY LYALS,
Member, Arkansas Post Prison
Transfer Board;   SARAH HUCKABEE
SANDERS, Governor, Arkansas;   and
DOUG SMITH, Member, Arkansas
Post Prison Transfer Board                                           DEFENDANTS

ORDER

**1.** The Court construes Winnett's motion to "resubmit" his complaint as a motion to transfer venue under 28 U.S.C. § 1404(a). Winnett says this central division case should have been filed as a northern division case because he is being held in Jackson County. *Doc. 18 at 2;   see also* 28 U.S.C. § 83(a)(3).   That motion is denied.

Venue was proper in this *district*. 28 U.S.C. § 1391(b)(1) & (2). There is no "statutory requirement that venue in federal civil cases be laid in a particular *division* within a district." 14D Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 3809 (4th ed.) (emphasis added). Winnett mailed his complaint for filing to the Clerk's office in Little Rock, which is in the central division. He did not specify which division he wanted to sue in; the divisional space in his form complaint is blank. *Doc. 1 at 1*. If Winnett had wanted to file his case in the northern division, he could have specified that division or mailed his complaint to the Clerk's office in Jonesboro, or both. He didn't take either step. The Clerk of Court filed his case in the central division and assigned it to me by a random selection process. General Order No. 39(a). Filing a case in the division where the complaint is received is the usual drill. Local Rules 5.5(b)(1) & 77.1.

The case and parties have connections to both divisions— Winnett is incarcerated in the northern division, while the Post Prison Transfer Board is based in Little Rock. Given the Board's location, and Winnett's allegations about the Board's wrongdoing, venue was proper in the central division. 28 U.S.C. § 1391(b)(1). And if it turned out that the northern division was more convenient all around, then the case could have been transferred there, where venue was proper, too. 28 U.S.C. § 1391(b)(2). But there is no good reason, at this point, for an intradistrict transfer to the northern division. 28 U.S.C. § 1404(a).

2.      The motion for recusal is denied for the same reasons as before. *Doc. 10 at 2.* My impartiality (or Magistrate Judge Ervin's) could not reasonably be questioned. 28 U.S.C. § 455(a).

*   *   *

Motion, *Doc. 18*, denied. The duplicative motion to transfer, *Doc. 20*, is denied as moot.

So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

27 February 2025